## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AMERICAN IMMIGRATION COUNCIL** | ) | |
| **1331 G Street, N.W., Suite 200** | ) | |
| **Washington, DC  20005-3141** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY** | ) | |
| **Office of the General Counsel** | ) | |
| **20 Massachusetts Avenue, N.W.** | ) | |
| **Washington, DC  20528** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **UNITED STATES IMMIGRATION AND** | ) | |
| **CUSTOMS ENFORCEMENT** | ) | |
| **Office of the Principal Legal Advisor** | ) | |
| **500 12th Street, S.W.** | ) | |
| **Washington, DC  20536,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, seeking disclosure of records concerning individuals' access to legal counsel during their

interactions with U.S. Immigration and Customs Enforcement ("ICE").  The American

Immigration Council ("AIC") seeks declaratory, injunctive, and other appropriate relief with

respect to ICE's unlawful withholding of these records.

2.      Under the U.S. immigration system, many decisions impacting noncitizens are

made not by immigration judges in courtrooms, but by various Department of Homeland

Security ("DHS") officials—including ICE officers—in field offices, detention facilities and arrest sites.  These interactions can have life-altering consequences.

3.      Access to counsel is at the very core of our legal system and is integral to ensuring that all noncitizens facing detention, immigration charges or removal are afforded a fair process and a meaningful opportunity to be heard.  Without lawyers, noncitizens confront the daunting and often insurmountable task of navigating complicated immigration statutes, regulations, and court decisions unassisted.

4.      Reports from immigration lawyers across the country indicate that ICE officers routinely interfere with attorneys' efforts to represent their clients.  They fail to provide or facilitate access to counsel when questioning represented individuals, restrict attorney-client communications in detention facilities, and actively discourage noncitizens from hiring attorneys.  These restrictions, which are not mandated by existing regulations, are fundamentally unfair and undermine the quality and efficiency of immigration decision making.

5.      ICE's policies and guidance on access to counsel are difficult to ascertain.  As a result, they are a source of great confusion for immigration lawyers, their clients, and the general public.  To clarify these policies, the American Immigration Council submitted a Freedom of Information Act request to ICE in March 2011.

6.      The FOIA process has been fraught with errors and inefficiencies.  After AIC submitted its request, the agency responded that it had no responsive documents, but then on appeal, conceded that its search was inadequate.  Yet, to date, ICE has failed to produce a single responsive document.  AIC has been forced to file three administrative appeals.  These appeals and ICE's decision to reprocess the same FOIA request as though it were a new request have resulted in additional delay.

7.     ICE's failure to turn over requested records violates the FOIA and is impeding AIC's efforts to educate the immigration bar regarding the right to counsel and to effectively advocate for justice and fairness for noncitizens in their interactions with ICE.

## Jurisdiction and Venue

8.     This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and 65.

9.     Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## The Parties

10.     Plaintiff AIC is a tax-exempt, not-for-profit educational and charitable organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business at 1331 G Street, Suite 200, Washington, DC 20005.  Founded in 1987, AIC's mission is to educate the American public about immigrants' contributions to American society, to promote sensible and humane immigration policy, and to advocate for the just and equitable enforcement of immigration laws.  AIC's Immigration Policy Center ("IPC") and Legal Action Center ("LAC") help carry out this mission by reaching out to the public and to attorneys practicing in the immigration arena to promote a better understanding of immigration law, policy, and practice.  The IPC targets policymakers, the media and advocates using a range of publications, new media, and presentations to inform the public debate on immigration.  The LAC undertakes administrative advocacy, impact litigation and education to advance the fair administration of immigration laws.  The LAC has historically focused on access-to-counsel

issues by educating the immigration bar about the relevant laws, advocating for fair standards

and procedures to remedy ineffective assistance of counsel, and encouraging better access to

counsel in proceedings before DHS and its agencies, including ICE.

11.     Defendant DHS is a Department of the Executive Branch of the United States

Government and is an agency within the meaning of 5 U.S.C. § 552(f).  DHS is responsible for

enforcing federal immigration laws.  DHS has possession and control over the records sought by

AIC.

12.     Defendant ICE is a component of DHS and is an agency within the meaning

of 5 U.S.C. § 552(f).  ICE is the principal investigative arm of DHS and is charged with criminal

and civil enforcement of the immigration laws.  Among ICE's primary duties are the

investigation of persons suspected to have violated the immigration laws and the apprehension,

detention, and removal of noncitizens who are unlawfully present in the United States.  ICE has

possession and control over the records sought by AIC.

### AIC's FOIA Request

13.     On March 14, 2011, AIC submitted a FOIA request to ICE seeking:

Any and all records which have been prepared, received, transmitted, collected
and/or maintained by the U.S. Department of Homeland Security and/or U.S.
Immigration and Customs Enforcement (ICE), whether issued or maintained by
ICE Headquarters offices (including but not limited to the Office of the Assistant
Secretary (OAS), Enforcement and Removal Operations (ERO), Homeland
Security Investigations (HSI), Management and Administration, Office of the
Principal Legal Advisor (OPLA), and the Office of  Detention Policy and
Planning (ODPP), including any divisions, subdivisions or sections therein); ICE
field offices, including any divisions, subdivisions or sections therein; local
Offices of Chief Counsel; and/or any other ICE organizational structure; and
which relate or refer in any way to any of  the following:

- Attorneys' ability to be present during their clients' interactions
with ICE;

- What role attorneys may play during their clients' interactions with ICE;

- Attorney conduct during interactions with ICE on behalf of their clients;

- Attorney appearances at ICE offices or other facilities.

A copy of the March 14 letter is attached as Exhibit A.

14. AIC asked that ICE and DHS waive all fees associated with its FOIA request because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(iii). *See* Exhibit A.

15. AIC received two letters dated March 31, 2011 from ICE FOIA Officer Catrina M. Pavlik-Keenan, acknowledging receipt of its request and assigning the request reference number 2011FOIA7112. Both letters invoked a 10-day extension of the 20-day response period pursuant to 5 U.S.C. § 552(a)(6)(B). In one of the letters, ICE stated that it would "charge [AIC] for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters." In the other letter, however, ICE stated that it would hold AIC's fee waiver request in abeyance "pending the quantification of responsive records." Copies of the March 31, 2011 letters are attached as Exhibit B.

16. After waiting nearly five months for a substantive response to its request, on August 11, 2011, AIC filed an administrative appeal of ICE's constructive denial of its FOIA request and restated its request for a fee waiver. A copy of the August 11, 2011 letter is attached as Exhibit C.

17. In response to AIC's administrative appeal, ICE's Office of the Principal Legal Advisor (OPLA) informed AIC by letter dated September 23, 2011 that certain ICE divisions — specifically, OPLA, the Office of Enforcement and Removal Operations, and

Homeland Security Investigations — had been assigned to conduct searches for responsive records. Because the case was "being processed in the order it was received" and any responsive documents would be "processed according to the FOIA upon receipt from the program office," ICE closed the appeal as moot. The letter stated that "[i]nasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision . . . ." A copy of the September 23, 2011 letter is attached as Exhibit D.

18.     Just four days after notifying AIC that the appeal was closed, the FOIA office sent AIC a letter (dated September 27, 2011) stating that it was unable to locate any records responsive to the FOIA request. That letter, signed by FOIA Officer Catrina M. Pavlik-Keenan, stated that "ICE has conducted a comprehensive search of files within the ICE Office of Enforcement and Removal Operations (ERO), the ICE Office of Homeland Security Investigations (HSI) and the ICE Office of the Principal Legal Advisor (OPLA)" for responsive records, but that ICE was "unable to locate or identify any responsive records." The letter did not reference the administrative appeal. A copy of the September 27, 2011 letter is attached as Exhibit E.

19.     On October 27, 2011, AIC appealed this adverse determination. AIC contended that ICE failed to conduct searches in all of the offices identified in the request and that ICE's failure to uncover any responsive records — in light of the range of specific types of records requested and the nature of ICE's duties — demonstrated that the search was inadequate. AIC also reiterated its request for a fee waiver. A copy of AIC's October 27, 2011 appeal letter is attached as Exhibit F.

20.     OPLA responded to AIC's appeal on February 29, 2012. It acknowledged that ICE had failed to search certain program offices and that documents that appeared to be

responsive to AIC's request were available online.  Further, the letter stated, "it is likely that additional responsive records may be found in locations the agency has not yet searched." OPLA remanded the request to the ICE FOIA office for "processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."  A copy of the February 29, 2012 letter is attached as Exhibit G.

21.     By letter dated March 1, 2012, the ICE FOIA office acknowledged receipt of the remanded request.  This letter was signed by Catrina M. Pavlik-Keenan, the same FOIA Officer who, in September 2011, had stated that ICE was unable to locate or identify any responsive records.  ICE again invoked a 10-day extension of the 20-day response period. Without acknowledging AIC's request for a fee waiver, ICE stated that it would "construe the submission of [AIC's] request as an agreement to pay up to $25.00" and indicated that it would charge AIC fees as a non-commercial requester under the DHS interim FOIA regulations.  ICE stated that it had "queried the appropriate program offices within ICE for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability." The letter assigned the request a new reference number, 2012FOIA8229.  A copy of the March 1, 2012 letter is attached as Exhibit H.

22.     Having received no further response to its request, AIC filed an administrative appeal of ICE's constructive denial of its FOIA request on April 27, 2012.  AIC also restated its request for a fee waiver.  A copy of the April 27, 2012 letter is attached as Exhibit I.

23.     In a May 10, 2012 letter, ICE acknowledged receipt of AIC's April 27, 2012 appeal.  The letter stated that ICE has received a "high number" of FOIA requests and that it would process "backlogged appeals on a first-in, first-out basis."  A copy of the May 10, 2012 letter is attached as Exhibit J.

24.     AIC has exhausted its administrative remedies in connection with its FOIA request.

25.     Defendants have failed to make reasonable efforts to search for responsive records.

26.     Defendants have repeatedly violated the applicable statutory time limit for the processing of FOIA requests.

### Plaintiff's Entitlement to a Waiver of Processing Fees

27.     AIC is entitled to a waiver of processing fees because the disclosure of the information sought through its FOIA request is in the public interest.  The disclosed records will educate attorneys who represent noncitizens, the noncitizens themselves, and other members of the public who are concerned about immigration agency policies and procedures.  Currently, there is no comprehensive, publicly available guidance governing attorney representation and conduct in interactions with ICE.  Thus, the dissemination of these records will significantly advance public understanding of the permissible scope of representation permitted before the agency.

28.     AIC has the capacity and intent to disseminate widely the requested information to the public.  AIC will post all records it receives on its publicly accessible website, which receives more than 115,000 monthly page views.  A summary report of the information also will be published in the LAC newsletter, which is distributed to 12,000 recipients, and will be shared with interested media, advocates, and attorneys.

29.     AIC does not seek the requested information for commercial gain, but rather for the purpose of educating immigration attorneys, noncitizens, and other interested members of the public.

## FIRST CAUSE OF ACTION

### Violation of Freedom of Information Act
### for Failure to Disclose Responsive Records

30.    AIC repeats, alleges and incorporates the allegations in paragraphs 1 through 29 above as if fully set forth herein.

31.    Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to AIC's FOIA request.  AIC has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

32.    Defendants' failure to conduct a reasonable search for records responsive to AIC's request violates 5 U.S.C. §§ 552(a)(3)(A), (a)(3)(C), and (a)(6)(A), as well as the regulations promulgated thereunder.

## SECOND CAUSE OF ACTION

### Violation of the Freedom of Information Act
### for Failure to Grant Plaintiff's Public Interest Fee Waiver Request

33.    AIC repeats, alleges and incorporates the allegations in paragraphs 1 through 29 above as if fully set forth herein.

34.    Defendants' denial of AIC's public interest fee waiver request violates 5 U.S.C. § 552(a)(4)(A)(iii) and the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, AIC requests that judgment be entered in its favor against Defendants ICE and DHS, and that the Court:

(a)    Declare that Defendants' failure to respond to AIC's FOIA request within the statutory time limit, their failure to search for records responsive to AIC's request, and their failure to disclose such responsive records violate FOIA;

(b)    Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a prompt, reasonable search for records responsive to AIC's FOIA request;

(c)    Enjoin Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants from withholding records responsive to AIC's FOIA request and order them to promptly produce the same;

(d)    Order Defendants to waive the fees associated with AIC's FOIA request;

(e)    Award AIC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f)    Grant all other such relief to AIC as the Court deems just and equitable.

Dated: May 31, 2012                        Respectfully submitted,

_____

Creighton R. Magid (#476961)
DORSEY & WHITNEY LLP
1801 K Street, N.W., Suite 750
Washington, D.C. 20006
Telephone: (202) 442-3000
Fax: (202) 442-3199

Melissa Crow (#453487)
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C. 20005
Telephone: (202) 507-7500
Fax: (202) 742-5619
mcrow@immcouncil.org

*Attorneys for Plaintiff American Immigration Council*

Beth Werlin (#1006954) (*application for admission pending*)
bwerlin@immcouncil.org
Emily Creighton
ecreighton@immcouncil.org
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C. 20005
Telephone: (202) 507-7500
Fax: (202) 742-5619